FRANK PEASE, Appellant, v. CARPENTER BUS LINES, INC., Respondent.— All concur. (Appeal from a judgment for defendant for no cause of action in a bus line negligence action. The order denied plaintiff's motion for a new trial.) Present — Taylor, P. J., McCurn, Vaughan, Piper and Wheeler, JJ.

ERNEST A. SCHROEDER, Respondent, v. HAROLD T. LARNED, Appellant.— Memorandum: Examination of the record discloses, with nothing to the contrary, that the defendant, on the Francis Chatterton to Noble Card transaction, has completed the services required by him by the contract upon which the suit was brought. He is entitled to be recompensed for his services. One half the total commission earned on this transaction should have been credited to the defendant. The findings of fact should be modified accordingly and the judgment reduced from $2,544.90 to $2,344.90. As so modified the judgment should be affirmed. All concur. (Appeal from a judgment for plaintiff in an action to compel an accounting for share of real estate commissions.) Present — Taylor, P. J., McCurn, Vaughan, Piper and Wheeler, JJ.

## (March 12, 1952.)

HAROLD SHAW, Respondent, v. ALEX DOMINAK, Appellant.— Memorandum: In our view of the record, the defendant-appellant is entitled to a new trial in the County Court. In his notice of appeal from the judgment for $195.10 rendered against him in Justice's Court, he demanded a new trial in the appellate court. He was entitled thereto, provided the plaintiff-respondent demanded judgment for more than $100 in his complaint. (Justice Ct. Act, § 442.) While the return filed by the Justice does not conform to the provisions of section 438, we think that sufficient appears therein to defeat respondent's apparent contention that the case was tried before the Justice and a jury without joinder of issue and without pleadings either written or oral. While the docket book of the Justice is not available — it having been lost or inadventently destroyed — the necessary inferences from the return are that there were oral pleadings, that the plaintiff demanded judgment for damage in the sum of $195.10 to plaintiff's automobile by reason of defendant's negligence which was denied by an oral answer. All concur. (Appeal from an order of Wyoming County Court, CONABLE, J., dismissing defendant's appeal to the County Court for a new trial and transferring the appeal to the law side of the court. The original trial was before Town of Wethersfield Justice's Court, STEVENS, J. P., and a jury, who found for plaintiff in an automobile negligence action.) Present — Taylor, P. J., McCurn, Vaughan, Kimball and Piper, JJ.